Andrews, J.
Upon the facts found by the referee there was a clear right in the defendant to recover the purchase-price of the “York” and “ Gilmore” wool, when the verbal agreement for the sale of the “Fowlerville” wool was made.
The referee finds that prior to that time a contract for the sale of the other lots of wool had been made at York, and was fully completed on the part of the defendant by delivery to the plaintiffs at Caledonia, and nothing remained to be done to complete the execution of that contract but the payment by the plaintiffs of the agreed price. It is equally clear upon the findings of the referee that no contract was made for the sale of the “ Fowlerville ” wool, until the parties met at Troy and made the agreement which is the subject of this action.
There was a negotiation for the sale of this wool when the other wool was purchased, which resulted in what the referee terms a conditional sale, the condition being, as the referee finds, that the “ Fowlerville” wool was to be included in the sale if the parties could agree upon the manner of shrinking it, which he also finds they were unable to do. Plainly, this was nothing more than a proposition on the one side to sell, and on the other to buy, this wool, if the parties could thereafter agree, and neither party was in any way bound by the negotiation. So that when the parties met at Troy the plaintiffs owed the defendant for the “ York” and “Gilmore” wool, and had no claim to the “ Fowlerville ” wool, and no contract touching it, but the defendant was the absolute owner, with the right to sell it to the plaintiffs or to any other person, and also to exact of the plaintiffs the payment of the debt owing by them for the other wool, without abatement, and subject to no counter-claim by reason of the prior incomplete *418 negotiation between them for the sale of the “ Fowlerville” wool.
The existence of a valid agreement for the sale of that wool lies at the foundation of this action, and such an agreement is found by the referee to have been made at Troy, after the sale and delivery of the other wool, but before the plaintiffs had paid therefor.
The referee finds, in substance, that a controversy then arose between the parties as to whether the contract made at York embraced the “ Fowlerville ” wool, the plaintiffs claiming that it did, and that they were entitled to it under that contract, and the defendant insisting that no contract was made in respect to it. The defendant demanded payment for the wool delivered, and the plaintiffs refused payment on the ground that the delivery of the “ Fowleryille ” wool was a condition precedent to the payment of any portion of the purchase-price. The referee also finds that it was then verbally agreed between the parties that the “Fowlerville” wool should be delivered by the defendant to the plaintiff, and “ that thereupon the plaintiffs paid to the defendant $18,357.60, the price of the wool already delivered,” and that the defendant thereafter refused to deliver the “Fowlerville” wool, and, as a conclusion of law, that the parol contract made at York was modified and extended by the subsequent agreement at Troy, so as tó include the “Fowlerville” wool, and that the money paid thereupon was paid upon the contract as modified, and as part of the purchase-price of the whole of the wool, and that the modified contract was rendered valid and binding by such payment.
The right of recovery in this action turns upon the question whether the agreement made at Troy for the sale of the “ Fowlerville ” wool was valid within the statute of frauds. There was no writing, and no delivery of any part of that wool, and as the purchase-price exceeded fifty dollars the contract was void, unless there was a payment of some part of the purchase-money.
The existence of a consideration for a verbal contract fur *419 the sale of goods, does not withdraw it from the condemnation of the statute “There can be no question,” says Comstock, J., in Mallory v. Gillett (21 N. Y., 414), “ under the statute of frauds, in any case, until it is ascertained that there is a consideration to sustain the case.” The payment of the price of the wool delivered may, under the circumstances, have been a good consideration for the promise of the defendant to sell and deliver the “ Fowlerville ” wool. Although the referee has found that there was no contract, originally, to sell the “Fowlerville” wool, yet if the plaintiffs bona fide claimed otherwise, and upon dispute arising the defendant conceded the claim, and the payment was thereupon made, there would he no lack of consideration for the defendant’s promise to deliver it. (Russell v. Cook, 3 Hill, 506 ; Crans v. Hunter, 28 N. Y., 394.) But this leaves untouched the real difficulty in the case. The contract must be established according to the statute before it can be enforced. The theory upon which the referee proceeded, that the agreement made at Troy was a modification and extension of the original parol contract, so as to embrace the “ Fowlerville” wool, and that in judgment of law the money paid was paid as part of the price of the whole of the wool, cannot be sustained. The original contract had been complétely performed by the defendant. The most that can be claimed as against him is, that he consented to deliver the “ Fowlerville ” wool in consideration that the plaintiffs would pay for the wool already delivered, and yielded to the wrongful claim of the plaintiffs that it was embraced in the original contract.
It is not necessary to consider or to question the doctrine laid down in Cuff v. Penn (1 M. & S., 21), and which has been followed or approved in several American eases (Cummings v. Arnold, 3 Metc., 486; Stearns v. Hull, 9 Cush., 31; Blanchard v. Trim, 38 N. Y., 227), although overruled in England (Goss v. Lord Nugent, 2 Nev. & Man., 33 ; Marshall v. Lynn, 5 M. & W., 109), that a contract originally valid within the statute of frauds, as being in writing, may be *420 modified as to the time or mode of performance by a subsequent oral agreement between the parties. In this case the claim is to engraft upon the original contract a distinct and independent subject-matter, by parol, and to support the transaction by proof that, at the time, the plaintiffs paid what they owed for goods already delivered. It is manifest that the payment which, under the statute will validate a contract, must .be a payment of a part of the purchase-price of the goods sold by the contract sought to be enforced. It is true that the referee finds that the money was paid on the whole wool, but this is his legal conclusion from facts which do not support it. The fact found is that the plaintiffs paid the price of the wool already delivered ; and it appears very distinctly by reference to the evidence, that the sum paid was the exact amount, and was made on account of the purchase-price of the wool delivered at Caledonia, although the plaintiffs in making the payment acted in consequence of the new agreement.
This judgment cannot, I think, be supported without disregarding the statute; and the doctrine of estoppel in pais has no application when the party claiming the benefit of it has been induced to do only that which he might have been compelled to do, whatever motives the other party may have presented to induce performance.
No estoppel arises in respect to an agreement not otherwise binding, made to induce a party voluntarily to perform a contract which he could be compelled to perform, although he performed it relying upon -and in consequence of the agreement.
The judgment should be reversed and a new trial ordered.
All concur; Miller, J., not sitting.
Judgment reversed..